# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT JOSEPH DALE CLINKENBEARD, a/ka/ "Bobby",<br><br>Defendant. | No. CR18-4064-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

Defendant Robert Clinkenbeard has filed a second motion (Doc. 55)[1] for the return of property, which the Government partially resists. Doc. 59. The property at issue includes a list of items previously seized by the Government, a list of items later returned, and an AR-15 rifle (which Clinkenbeard wishes to release to his brother). Doc. 55. On October 22, 2021, Chief United States Magistrate Judge Kelly K.E. Mahoney issued a Report and Recommendation (R&R) in which she recommends I grant the motion in part and deny it in part. Doc. 62. Neither party has objected to the R&R and the deadline for such objections has expired.

## II.  APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

---

[1] Clinkenbeard previously filed an unresisted motion requesting "the release of any and all property [seized] that was not directly used in any crime for which [Defendant] ha[s] been charged, including . . . [a] Nexus cell phone, laptop(s), butterfly knife, flash drive(s), electronics, 3D printer, and any other personal property." Doc. 39. The court granted the motion. Doc. 44.

> Within fourteen days after being served with a copy, any party may serve
> and file written objections to such proposed findings and recommendations
> as provided by rules of court. A judge of the court shall make a de novo
> determination of those portions of the report or specified proposed findings
> or recommendations to which objection is made. A judge of the court may
> accept, reject, or modify, in whole or in part, the findings or
> recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any
> issue need only ask. Moreover, while the statute does not require the judge
> to review an issue *de novo* if no objections are filed, it does not preclude
> further review by the district judge, *sua sponte* or at the request of a party,
> under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because neither party objects to the R&R, I have reviewed it for clear error. Based on that review, I am not "left with the definite and firm conviction that a mistake has

been committed." *Anderson*, 470 U.S. at 573-74. As such, I hereby **accept** the R&R recommendation without modification. The following property shall be released to Clinkenbeard's brother, William Clinkenbeard:

- 80% lower receiver;
- mason jar with white substance;
- syringe;
- digital scale;
- unloaded AR magazines;
- upper AR-15 barrel;
- butt stocks;
- AR-15 tripod mount;
- AR-15 forearm mount;
- AR- pistol grip;
- buffer spring;
- muzzle break;
- buffer tube;
- various AR tools and parts and the
- Nexus Huawei cellphone.

Doc. 62 at 1-2.

Clinkenbeard's motion is denied with respect to the drug paraphernalia, counterfeit bills, the Windham weaponry AR-15, the loaded AR magazine, the firearm case, and the plastic baggie with methamphetamine, as these items have been forfeited pursuant to the plea agreement or are otherwise contraband ineligible for return. *United States v. Felici*, 208 F.3d 667, 670-71 (8th Cir. 2000).

## IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney's Report and Recommendation (Doc. 62) in its entirety and without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation, the defendant's motion (Doc. 55) to suppress evidence is hereby **granted in part** and **denied in part**. The Government shall return the property specified above to William Clinkenbeard.

**IT IS SO ORDERED.**

**DATED** this 31st day of January, 2022.

_____
Leonard T. Strand, Chief Judge