# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR18-4064-LTS |
| vs. | | **ORDER** |
| ROBERT JOSEPH DALE CLINKENBEARD, | | |
| Defendant. | | |

This matter is before me on defendant Robert Clinkenbeard's pro se motion (Doc. 67) for compassionate release. Clinkenbeard also filed several supplements (Docs. 73, 74, 77) to his motion.

On March 25, 2019, I sentenced Clinkenbeard to 97 months' incarceration after he pleaded guilty to three counts related to the unlawful possession of a firearm. Docs. 17, 36. He did not appeal, but he did file a motion pursuant to 28 U.S.C. § 2255. *See* C20-4012-LTS, Doc. 1. On March 3, 2021, I denied that motion. *Id.*, Doc. 26. Clinkenbeard sought a certificate of appealability from the Eighth Circuit Court of Appeals, which was denied. *See Id.*, Docs. 28, 34. I have denied a variety of other post-sentencing motions from Clinkenbeard. *See, e.g.*, Docs. 47, 61 and 70.

Clinkenbeard is 38 years old. According to the online Bureau of Prisons (BOP) inmate locator, he is located at Terre Haute FCI in Terre Haute, Indiana, and has a projected release date of July 8, 2025. He requests compassionate release because he has had COVID-19 twice, that he is worried about long COVID-19 and because of the impact that the COVID-19 pandemic has had on the BOP. He also argues he is actually innocent and that the BOP is not giving him FSA credits in the same manner as other inmates.

The term "compassionate release" refers to 18 U.S.C. § 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020).

Clinkenbeard alleges he sought compassionate release from his facility's warden more than thirty days prior to filing the instant motion but received no response. *See* Doc. 67 at 10. Thus, I will assume he has exhausted his administrative remedies. However, he has failed to allege extraordinary and compelling reasons justifying early release, even considering the COVID-19 pandemic. Specifically, Clinkenbeard's alleged health condition (that he has had COVID-19 more than once) is not extraordinary or compelling. There is no indication or allegation that Clinkenbeard's bouts with COVID-19 have left him with symptoms that affect his daily life or are otherwise unmanageable in such a way as to rise to the level of an extraordinary and compelling circumstance that would justify an early release.

Nor is Clinkenbeard's purely-hypothetical fear of long COVID-19 grounds for early release. The same is true with regard to the BOP's conduct during the pandemic. Whatever errors the BOP may have made, they are not extraordinary and compelling because they impacted all inmates.

Clinkenbeard also alleges that because of the nature of his conviction he is unable to earn certain credits toward the completion of his sentence. Even if this is true, it is not an extraordinary circumstance. The mere fact that different laws enacted by Congress, or regulations enacted by the BOP, impact certain inmates differently does not

2

amount to an extraordinary or compelling circumstance that would justify compassionate release. Finally, to the extent Clinkenbeard believes his conviction and/or sentence were improper, those were issues for either a direct appeal or his § 2255 motion. They are not grounds for compassionate release.[1]

Because Clinkenbeard has failed to allege any extraordinary or compelling reason justifying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), his motion (Doc. 67) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of May, 2023.

_____
Leonard T. Strand, Chief Judge

---

[1] A compassionate release motion is not a mechanism to relitigate issues previously decided against Clinkenbeard in C20-4012-LTS

3