# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR18-4064-LTS |
| vs. | **ORDER** |
| ROBERT JOSEPH DALE CLINKENBEARD, | |
| Defendant. | |

This matter is before me on a pro se filing (Doc. 91) from defendant Robert Clinkenbeard which the Clerk's office docketed as a motion to correct his presentence investigation report (PSIR). In his motion, Clinkenbeard argues that his criminal history was incorrectly calculated in the PSIR. Also before me is Clinkenbeard's second (Doc. 79) motion for compassionate release.

## I. BACKGROUND

On March 25, 2019, I sentenced Clinkenbeard to 97 months' incarceration on three counts related to the unlawful possession of a firearm. Doc. 36. He did not appeal, but he did file a motion pursuant to 28 U.S.C. § 2255. *See* C20-4012-LTS, Doc. 1. On March 3, 2021, I denied that motion. *Id.*, Doc. 26. Clinkenbeard sought a certificate of appealability from the Eighth Circuit Court of Appeals, which was denied. *See Id.*, Docs. 28, 34.

Clinkenbeard then filed several post-judgment motions in his criminal case, which were denied. *See* Docs. 61, 70, 72, 78. In the latter order, I denied Clinkenbeard's first request for compassionate release in which, among other issues, he attempted to

litigate legal objections to his conviction. Specifically, I stated that, "to the extent Clinkenbeard believes his conviction and/or sentence were improper, those were issues for either a direct appeal or his § 2255 motion. They are not grounds for compassionate release" and that a "compassionate release motion is not a mechanism to relitigate issues previously decided against Clinkenbeard in C20-4012-LTS[.]" Doc. 78 at 2.

## II.  MOTION TO CORRECT PSIR

Regarding his criminal history claim, Clinkenbeard has failed to allege that I have authority to alter his PSIR at this stage of his case. Federal Rule of Criminal Procedure 32(f) gives parties in criminal cases 14 days to object to the draft PSIR after they are provided with it, and Federal Rule of Criminal Procedure 32(i)(1)(D) states parties may renew or make additional objections to the PSIR at the time of sentencing. Neither before nor during sentencing did Clinkenbeard object to the calculation of his criminal history. *See* Docs. 24, 35.

> [C]ourts have uniformly held that once a district court imposes a sentence, it lacks jurisdiction under Rule 32 to hear challenges to a PSR. *See United States v. Sarduy*, 838 F.2d 157 (6th Cir. 1988) ("We hold that [Rule 32], standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation.") (quoting *United States v. Fischer*, 821 F.2d 557 (11th Cir. 1987)); see *also United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) ("Rule 32 provides no independent foundation for a post-sentence motion to correct a [PSR]."); *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) ("Rule 32 allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later.") (citation omitted); *United States v. Ursillo*, 786 F.2d 66, 69 (2d Cir. 1986) ("We have found no reported case in which a court held that Rule 32 standing alone furnished the jurisdictional basis for a belated post-sentencing attack on the accuracy of a presentence report."); *see, e.g.*, *United States v. Cross*, No. CR 18-00065 HG, 2019 WL 6357964, at *2 (D. Haw. Nov. 27, 2019) (stating that a district court "lacks the authority to order a post-sentencing modification of the Presentence Investigation Report").

*United States v. Sarden*, No. 2:16-CR-28, 2020 WL 2189802, at *2 (E.D. Tenn. May 5, 2020); *see also Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) ("[b]ecause Smith did not raise [challenges to the PSIR] at sentencing, he is precluded from raising them in a section 2255 motion.").

Based on the forgoing, I do not have authority to amend the PSIR or "correct" Clinkenbeard's criminal history score.[1] Thus, his motion (Doc. 91) to correct the PSIR will be denied.

### III. MOTION FOR COMPASSIONATE RELEASE

I set out the standards regarding compassionate release in my prior order and need not repeat them here. *See* Doc. 78 at 1-2. Clinkenbeard alleges he sought compassionate release from his facility's warden more than 30 days prior to filing the instant motion. Thus, I will assume he has exhausted his administrative remedies. However, he has again failed to allege extraordinary and compelling reasons justifying early release. The bulk of his motion makes the claim that he is innocent of his 18 U.S.C. § 922(g) offense because he did not know he was a prohibited person, as required by recent Supreme Court precedent. As I previously stated, that is the type of issue that must be made in a § 2255 motion. This kind of legal argument is not an extraordinary or compelling circumstance that would justify compassionate release under 18 U.S.C. § 3582(c)(1)(A). Additionally, Clinkenbeard alleges that he has engaged in efforts at rehabilitation. However, rehabilitation alone is not an extraordinary or compelling circumstance that would justify compassionate release. *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020) (citing 28 U.S.C. § 994(t)). Because Clinkenbeard has failed to allege any extraordinary or compelling reason justifying compassionate release under § 3582(c)(1)(A)(i), his motion (Doc. 79) will be denied.

---

[1] Nor has Clinkenbeard shown that the criminal history calculation in his PSIR was incorrect.

3

## IV. CONCLUSION

For the reasons set forth herein:

1. Clinkenbeard's motion (Doc. 91) to correct the PSIR is **denied**.

2. Clinkenbeard's motion (Doc. 79) for compassionate release is **denied**.

3. To the extent a certificate of appealability may be required because Clinkenbeard is raising issues that "effectively or ultimately" seek § 2255 relief, a certificate of appealability is **denied**. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief.")

**IT IS SO ORDERED.**

**DATED** this 9th day of January, 2024.

_____
Leonard T. Strand, Chief Judge